IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAIRFAX PORTFOLIO, LLC, )
 )
       Plaintiff, )
 )
v. )
 )  Case No. 11-2007-CM
OWENS CORNING INSULATING )
SYSTEMS, LLC, )
 )
       Defendant. )
 )

**MEMORANDUM AND ORDER**

      Plaintiff/counterdefendant Fairfax Portfolio, LLC, originally brought this landlord–tenant dispute in the District Court of Wyandotte County, Kansas.  Defendant/counterclaimant Owens Corning Insulating Systems, LLC, removed the case to this court on diversity grounds.  The issue presented on the parties' cross-motions for summary judgment (Docs. 29, 31) was whether, under Kansas law, a tenant who, at the expiration or termination of a lease of a commercial warehouse, retains possession of the property in order to repair structural damage is considered a "holdover tenant"—under the terms of the lease or by operation of law—for the time necessary for the tenant to make the repairs.  (*See* Docs. 30 at 9; 34 at 1.)  The court declined plaintiff's invitation to certify this question to the Kansas Supreme Court.  In a Memorandum and Order dated January 17, 2012, the court concluded that (1) the terms of the agreement do not trigger the holdover provision on these facts; (2) whether a "constructive holdover" exists cannot be resolved at summary judgment because facts material to resolution of that question are disputed; and/but (3) it is not clear that plaintiff can pursue a "constructive holdover" theory at trial.  The court directed plaintiff to show cause why it should be permitted to do so.  The briefing is complete and the court is now ready to rule.  For the

following reasons, the court amends the rulings contained in its January 17, 2012 Memorandum and Order.  Because plaintiff will not be permitted to pursue a "constructive holdover" theory, defendant is entitled to judgment against plaintiff on plaintiff's claim and in favor of defendant on defendant's counterclaim.

I.      **Factual Background**

The underlying facts are largely undisputed.  On or about January 3, 2008, plaintiff and defendant entered into a lease agreement under which plaintiff agreed to lease certain real property—a warehouse storage facility—to defendant.  The gross rent under the agreement was $21,051.04 per month.  The initial term of the agreement terminated on December 3, 2008; the parties entered an amendment to the lease extending the term until December 3, 2009.

Under the terms of the lease agreement, defendant paid a security deposit of $42,102.08, which was to be returned within thirty days of the expiration of the agreement, unless it was applied to non-payment of rent or other default.  The lease terms required defendant to return the premises in good condition and repair, excepting normal wear and tear.  The lease agreement also contained a surrender and holdover provision, which requires the property to be surrendered in broom-clean condition and in good repair, and states "if Tenant holds over after the expiration of the Initial Term or Renewal Term . . . Tenant shall become a tenant on a month to month tenancy at monthly rent equal to 150% of the Rent in effect during the last full month of the preceding term."  (Doc. 30-1 at 9.)

Per the terms of the agreement, defendant vacated the premises in December 2009.  But plaintiff notified defendant that there was damage to the property.  Plaintiff and defendant agreed that defendant would repair damage to the premises, and plaintiff returned keys to defendant so that

defendant could make repairs. Defendant engaged contractors to perform work on the premises, and defendant paid for the work performed. Plaintiff repeatedly notified defendant that it would hold defendant accountable in accord with the lease agreement. Defendant spent over $40,000 on the repairs. All repairs were completed to plaintiff's satisfaction by April 19, 2010.

Plaintiff seeks payment for rent at the holdover rate and other damages under the contract, and plaintiff has held on to defendant's security deposit in partial satisfaction of this unpaid rent. Defendant seeks the return of its security deposit

### III.  Memorandum and Order Dated January 17, 2012

#### No Holdover Tenancy Under the Terms of the Lease Agreement

The court's Memorandum and Order on summary judgment rejected plaintiff's argument that it was entitled to judgment because the terms of the lease create a holdover tenancy where property is not returned in proper condition. The court concluded that the terms of the lease do not dictate that defendant should be treated as a holdover tenant on the facts presented.[1]

The court held that the contract is not ambiguous: the plain and ordinary meaning of the term "holding over" in Section 18 of the lease agreement refers to the failure to surrender property, not failure to make required repairs or failure to surrender *in a particular condition*. To this extent, the court denied plaintiff's motion for summary judgment on its claim.

#### Possibility of Holdover Tenancy by Operation of Law / "Constructive Holdover"

Out of the briefing on summary judgment arose a "holdover-tenancy-by-operation-of-law" or "constructive holdover" theory. In opposing plaintiff's motion for summary judgment, defendant cited various cases for the proposition that "a tenant who has vacated the premises, even if it has

---

[1] There was and is no suggestion by either party that defendant defaulted on the lease as defined in Section 17 of the lease agreement.

breached a covenant to repair, is not liable for holdover rent while the repairs are being made and the premises unleased." (Doc. 32 at 8.)  Plaintiff argued that the case law indicates a holdover tenancy would be imposed, by operation of law, on the "undisputed" facts of this case.

The court noted that no Kansas cases were directly on point.  Extrajurisdictional case law suggested that whether a tenant's failure to repair amounts to a holdover "is a question of fact to be decided in light of the surrounding circumstances."  *Consumers Distrib. Co. Ltd. v. Hermann*, 812 P.2d 1274, 1277 (Nev. 1991).  This case law clearly indicated that the nature of the damage and the usability and/or leasability of the property are factors that would be material to the court's inquiry, and despite the parties' protestations, these facts were in dispute.  To that extent, the court denied both parties' motions for summary judgment.  In this order, however, the court revisits that ruling.

**Additional Briefing on Whether Plaintiff Should be Permitted to Pursue Theory**

The court expressed concern about whether plaintiff should be permitted to proceed on a "constructive holdover" theory at trial.  Even if the Kansas courts would permit a landlord to pursue damages on such a theory, the court was uncertain that it was properly raised at this late stage in this breach of contract action.  (*See* Doc. 28 at 1.)  The court thus directed plaintiff to show cause why it should be permitted to pursue this "constructive holdover" theory.

Plaintiff suggests that holdover tenancies are "always rooted in contract law" and cannot develop without the breach of a contract.  Plaintiff admits that there is no case law on point but suggests that extrajurisdictional cases imply a party can pursue damages based on a constructive holdover theory in the context of a breach of contract action.[2]  Plaintiff maintains that defendant has

---

[2]   Plaintiff cites *Becker v. McFadden*, 561 P.2d 416 (Kan. 1977); *Capella III, LLC v. Wilcox*, 940 N.E. 2d 1026 (Ohio App. 2010); and *Eagle Watch Investments, Inc. v. Smith*, 924 P.2d 257 (Mont. 1996), among others.  The court does not believe any of these cases compel a ruling in
(continued...)

-4-

breached the lease by failing to pay the holdover rate for those months during which defendant remained in possession while in the process of conducting repairs. (*See* Doc. 42 at 6.) The court believes that this statement encompasses plaintiff's case.

**Analysis and Conclusion**

This statement also makes clear that defendant is entitled to judgment on both plaintiff's claim and on its counterclaim. The court has already ruled that defendant's conduct in effecting repairs after expiration of the lease did not trigger the "holding over" provision of the lease. And plaintiff cannot assert a cause of action not raised in the complaint or preserved in the pretrial order.

Plaintiff chose to limit its case initially by pursuing the narrow theory that defendant breached the holdover provision in the lease.[3] (Its reason for doing so could be that success on this claim would entitle it to 150 percent rent as opposed to some lesser amount). Plaintiff might have argued, on the undisputed facts, a general breach, or that defendant breached other obligations under the lease—such as the obligation to maintain the premises under Section 10A or to repair damage as required in Section 32. But plaintiff has never raised these as grounds for relief. As defendant notes, plaintiff initially pleaded, and consistently pursued, a single theory that the express holdover provision in the lease required defendant to pay rent at 150% of the lease rate for every month that the repair construction continued after expiration of the lease. The court has held that the holdover provision plaintiff seeks to enforce is not triggered by the facts.

---

[2] (...continued)
plaintiff's favor.

[3] The petition claims that, "[d]efendant was a holdover tenant during the time that defendant had possession of the premises to repair the damage" and "[p]ursuant to the written terms of the lease, defendant owes rent during the holdover tenancy at the rate of 150% of the stated monthly rent." (Doc. 1 at 7.)

The court does not believe that plaintiff should now be permitted to proceed on a theory of "constructive holdover," which first appeared in briefing on summary judgment. The court finds that this is merely an attempt to use common-law concepts—which are not clearly authorized under Kansas law—to pursue the benefit of the 150 percent penalty contained in the holdover provision that the court has already held is inapplicable here.

In addition, the court believes that permitting plaintiff to shift its entire theory of recovery at this late stage in the litigation would be highly prejudicial to defendant. Discovery has been closed since September of last year, and trial is scheduled to begin in just over one month. Although plaintiff has not clearly sought—either formally or informally—to modify the pretrial order, the court does not believe that plaintiff can establish that modification is required to prevent manifest injustice. *See Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F. Supp. 2d 1265, 1279 (D. Kan. 2007). Plaintiff made a strategic decision to pursue a very narrow contract-based claim in this case. The court will not permit plaintiff to expand that claim at this late stage—particularly where the proposed theory is not clearly authorized under applicable law and the requested relief has been foreclosed by the court's previous ruling.

Because the court has concluded that plaintiff is not entitled to judgment on its breach of contract claim under the terms of the holdover provision in the lease agreement, and because plaintiff may not pursue another theory of recovery for damages under the holdover provision, the defendant is entitled to judgment on plaintiff's claim. And, because defendant is not liable for rent under the holdover provision in the lease agreement, plaintiff is not entitled to retain defendant's security deposit under the terms of the lease. Defendant is therefore entitled to judgment on its counterclaim. Plaintiff will return defendant's security deposit in the amount of $42,102.08.

**Prejudgment Interest, Costs, and Legal Fees**

Defendant also seeks prejudgment interest from and after January 3, 2010, plus the costs of the action and defendant's legal fees. Under Kansas law, prejudgment interest is generally allowable on liquidated claims and "may be allowable on unliquidated damages where necessary to arrive at full compensation." *Hutton Contracting Co., Inc. v. City of Coffeyville*, 487 F.3d 772, 786 (10th Cir. 2007) (citing *Miller v. Botwin*, 899 P.2d 1004, 1012 (Kan. 1995)). In either event the award "is a matter which lies within the sound discretion of the trial court." *Id*. at 1013; *see also Leeper v. Schroer, Rice, Bryan & Lykins, P.A.*, 736 P.2d 882, 887 (Kan. 1987) (holding prejudgment interest on liquidated damages is a matter of equitable discretion rather than a matter of legal right). The Tenth Circuit has held more broadly that if damages are liquidated, prejudgment interest *must* be awarded. *Royal College Shop v. N. Ins. Co.*, 895 F.2d 670, 673–74 (10th Cir. 1990). "A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same becomes definitely ascertainable by mathematical computation." *Hutton Contracting Co., Inc.*, 487 F.3d at 786 (*citing Miller*, 899 P.2d at 1012) (citations and internal quotation marks omitted). As long as the amount of damages is certain, it does not matter that underlying liability is disputed. Kan. Stat. Ann. 16-201; *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1010 (10th Cir. 1993).

Here, defendant's damages are liquidated. The amount of the security deposit is undisputed. Equity requires that plaintiff pay prejudgment interest from 30 days after the expiration of the lease, or January 3, 2010, until the date of this order. (*See* Doc. 30-2 at 1.) In accordance with Kan. Stat. Ann. § 16-201, in the absence of another agreed-upon interest rate, the rate will be ten percent per annum.

Under Kansas law, attorneys' fees are recoverable where allowed by statute or an express contractual agreement. *Nat'l Minority Supplier Dev. Council Bus. Consortium Fund, Inc. v. First*

*Nat'l Bank of Olathe*, 83 F. Supp. 2d 1200, 1204 (D. Kan. 1999); *Wilkerson v. Brown*, 995 P.2d 393, 395 (Kan. Ct. App. 1999). The agreement between the parties states that, if either party brings an action against the other and recovers a judgment, "the prevailing party shall be entitled to reimbursement from the other party for all reasonable and necessary expenses incurred, including reasonable attorneys' fees." (Doc. 30-1 at 13.) Defendant is therefore entitled to its reasonable attorneys' fees.

Defendant, as the prevailing party, is also entitled to recover costs pursuant to Rule 54. Fed. R. Civ. P. 54(d).

**IT IS THEREFORE ORDERED** that defendant's Cross-Motion for Summary Judgment on Plaintiff's Claim and Motion for Summary Judgment on Defendant's Counterclaim (Doc. 31) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment to Plaintiff's Position (Doc. 29) is denied.

**IT IS FURTHER ORDERED** that plaintiff is directed to return defendant's security deposit in the amount of $42,102.08 along with prejudgment interest on this sum from January 3, 2010, until the date of this order at a rate of ten percent per annum. Defendant is also entitled to recover its reasonable attorneys' fees and costs. The parties are directed to consult with each other to determine if an agreement can be reached as to reasonable attorney's fees. The parties shall follow the procedure set forth in Local Rule 54.2. Within 30 days of the date of this order, defendant shall submit a statement of consultation along with either a joint stipulation and request for an order, or, if the parties are unable to agree, with a memorandum and itemized accounting of attorneys' fees. In that case, plaintiff will have 14 days to respond.

Dated this 5th day of April 2012, at Kansas City, Kansas.

-9-

        <u>s/ Carlos Murguia</u>
        **CARLOS MURGUIA**
        **United States District Judge**