**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FAIRFAX PORTFOLIO, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 11-2007-CM** |
| **OWENS CORNING INSULATING SYSTEMS, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

In a Memorandum and Order dated April 5, 2012, this court ruled that plaintiff/ counterdefendant Fairfax Portfolio, LLC, would not be permitted to pursue a "constructive holdover" theory in this landlord–tenant dispute, and that defendant/counterclaimant Owens Corning Insulating Systems, LLC, was entitled to judgment against plaintiff on plaintiff's claim and in favor of defendant on defendant's counterclaim.[1]

Plaintiff agrees that, pursuant to the court's order and the terms of the contract between the parties, it must reimburse defendant's reasonable attorney's fees and costs.[2] However, the parties

[1] Plaintiff has appealed this judgment. The court notes, however, that it does not lose jurisdiction to enter a fee award merely because the case has been appealed. *See Bell v. Bd. of County Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1101 (10th Cir. 2006); *City of Chanute, Kan. v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992), overruled on other grounds by *Systemcare, Inc. v. Wang Laboratories Corp.*, 117 F.3d 1137 (10th Cir. 1997) ("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."). While it is true that the plaintiff may be entitled to a refund of any fees awarded to the defendant if the court of appeals were to reverse this court's ruling on the merits, it is at least equally likely that the court of appeals will affirm the summary judgment award. The Tenth Circuit itself may make any additional award of fees that it deems necessary or appropriate relating to costs incurred by the parties in litigating the appeal. *See McKinsey v. Sentry Ins.*, No. 90–2387–L, 1992 WL 279753, at *1 (D. Kan. Sept. 19, 1992).

were unable to agree on a reasonable attorney's fee award. Defendant seeks a total of $33,776.97, representing $32,344.65 in fees and $1,432.32 in costs. Plaintiff argues that a reasonable award should be in the range of $16,500 or less. Plaintiff objects to defendant's counsel's rates and hours, and to defendant's request for reimbursement for fees incurred prior to plaintiff's filing of the litigation.

**Standard**

The parties do not directly address whether the Kansas or the federal lodestar analysis applies here. Nevertheless, the factors are similar, and for purposes of the determination in this case, any difference is immaterial. *Terra Venture Inc. v. JDN Real Estate–Overland Park, L.P.*, 242 F.R.D. 600, 604 (D. Kan. 2007). In determining reasonable attorney's fees, the court arrives at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006)). The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998). Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The court may then adjust the lodestar, if necessary, to account for the eight factors set forth in Rule 1.5 of the Kansas Rules of Professional Conduct. *See Davis v. Miller*, 7 P.3d 1223, 1236 (Kan. 2000). These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved,

---

[2] The terms of the contract between the parties provide that, in the event of litigation between the parties, "the prevailing party shall be entitled to reimbursement from the other party for all reasonable and necessary expenses incurred, including reasonable attorneys' fees." (Doc. 30-1 at 13.) Defendant, as the prevailing party, is also entitled to recover costs pursuant to Rule 54. Fed. R. Civ. P. 54(d).

and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

Kan. S. Ct. R. 226 (2009); *see also Wittig v. Westar Energy, Inc.*, 235 P.3d 515, 529–30 (Kan. 2010).

Plaintiff generally argues that the number of hours defendant requests be reduced by fifty percent because many of the time entries are vague and fail to specify what type of activities were performed; many entries represent "block billing," where multiple tasks are grouped into single, large time-entries; and several entries represent duplicative efforts by defendant's counsel. The court finds the materials offered by defendant to properly and specifically identify the time expended and the activities performed, and that the requested award has been reduced by fees that could be considered duplicative.

Plaintiff also argues that although defendant seeks reimbursement for fees incurred from July 6, 2010, to present, attorneys' fees incurred by defendant before the date that the action was filed—November 24, 2010—are not recoverable. Defendant argues that it should be able to recover fees associated with unsuccessful pre-litigation mediation, which was mandated by the agreement between the parties. The attorney's fees provision of the agreement states that, "[i]n the event that either party shall bring legal action against the other party and shall recover a judgment against such party therein, then the prevailing party shall be entitled to reimbursement from the other party for all reasonable and necessary expenses incurred, including reasonable attorney's fees." (Doc. 32-1 at

13.)[3] The court will award fees incurred only from the date that the action was initiated, which was November 24, 2010.

**Customary Fee for Similar Service in Area, Experience, Reputation, and Ability of Lawyers**

In examining the hourly rate, the court refers to the prevailing market rates in the relevant community to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. *See Case*, 157 F.3d at 1256. In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate." *Lippoldt*, 468 F.3d at 1225.

Defendant does not set out for the court the total hours and total fees per attorney used to reach its final requested figure. Defendant offers an affidavit stating that the rates charged by defendant's counsel are their usual rates, and are comparable to rates charged by other firms of comparable size for lawyers of comparable seniority. Defendant also offers its timekeeping and billing records. Specifically, Mr. J. Nick Badgerow, a senior partner and well-regarded area attorney, billed his time to defendant at $390 per hour, as did senior partner Mr. David Seitter. The rates charged by two other attorneys involved in the case—Ms. Lindsay Todd Perkins and Mr. Benjamin Clark— range from $205 to $260 per hour, and $155 per hour for Ms. Lisa Pratt, a legal assistant.

---

[3] The court notes that unlike filing an action in district court, there is no requirement that a corporate party be represented by counsel in the context of mediation. The court also notes that the mediation provision in the lease agreement specifically states that "[m]ediation fees, if any, shall be divided equally among the parties involved." (Doc. 32-1 at 16.) While this presumably applies to the mediator's fees, it supports the court's determination that reasonable attorney's fees as contemplated in the agreement, include only those related to the "legal action" between the parties, which commenced November 24, 2010.

The qualifications and experience level of each of these individuals is documented in defendant's materials. Defendant also notes that discounts extended to the client have been deducted from the fee claim, as well as work that could be considered duplicative.

Plaintiff suggests that the rates requested by defendant's counsel must be adjusted downward because this court has previously found the reasonable and prevailing hourly rates for the Kansas City area are $300 per hour for the services of a senior partner; $175–200 per hour for less-experienced counsel; and $90–95 per hour for the work of a legal assistant. (Doc. 54 at 11 (citing, *e.g.*, *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, No. 07-1121-EFM, 2011 WL 251452 at *5 (D. Kan. 2011); *Hayne v. Green Ford Sales, Inc.*, No. 09-2202-JWL, 2010 WL 2653410, at *6 (D. Kan. 2010)).) The court does not agree with plaintiff that rates set forth in other cases should be applied here, particularly in the absence of any indication that defendant's counsel's stated rates are unreasonable.[4]

Based on these conclusions, and the documentation offered by defendant, the court finds that multiplying the hours counsel spent on the litigation since November 24, 2010, by a reasonable hourly rate, which ranges from $205 to $390 per hour for attorneys and $155 per hour for a paralegal, results in a presumptively reasonable lodestar fee of $24,103.75.

The court evaluates the remaining factors to determine whether this lodestar fee should be adjusted further.

**Likelihood of Precluding other Employment, Time Limitations, Relationship with**

[4] Plaintiff also requests the court omit work performed by Ms. Melody Rayl, because defendant offers no information on her experience level. Plaintiff is correct that there is no information on Ms. Rayl or her experience level. However, based on defendant's representations, the time billed by Ms. Rayl has already been deducted from the award requested. (*See* Docs. 46-1, 46-2 (bracketing around time billed by Ms. Rayl, and noting that bracketed entries were deducted).)

**Client, Nature of Fee**

Clearly, counsel was not working on other matters during the time billed for work done on the issues in this case. However, the issues were not particularly complex, nor would it be apparent to a client that resolution of the issues would likely preclude other employment. The parties agree that this factor does not weigh in favor of deviating from the presumptively reasonable amount of attorney's fees. Similarly, the parties agree that (1) there were no unusual time constraints in this action; (2) this was the first action in which defense counsel had been engaged by this client; and (3) the fee for representation in this matter was hourly. None of these factors weigh in favor of adjusting the presumptively reasonable amount of attorney's fees.

**Time, Labor, Novelty, Difficulty, Amount**

This action involved a relatively simple landlord-tenant dispute arising from the alleged breach of a lease agreement. And, although the question of law raised by the litigation was one on which there was limited precedent, the matter was straightforward; required no particular expertise or specialized skill; and the suit was ultimately resolved on the parties' briefs, with no trial, no hearings, very little discovery, and only one deposition. Further, the court notes that the defendant's claim —which it was ultimately awarded—was for the return of its $42,102.08 security deposit. Plaintiff's original claim was for three-times rent, minus the security deposit: $118, 240.62 The court has no reason to doubt the accuracy of defendant's counsel's timekeeping records, and has already determined the reasonableness of the rates. However, the small amount at stake in this litigation and the relatively straightforward nature of the legal issues suggest that the time spent by counsel related to this case is unreasonable. The court therefore will reduce the total lodestar fee of $24,103.75 by thirty percent, resulting in a total reasonable attorney's fee of $16,872.63.

**Costs**

In its documentation, defendant identifies $1,432.32 in costs separate from attorney's fees. Typically, defendant should submit a Bill of Costs to the Clerk of the Court in accord with Local Rule 54.1, rather than requesting costs by way of a motion for attorney's fees. Although defendant is entitled to its costs and plaintiff does not appear to object to the requested figure, the court directs defendant to follow the procedures outlined in Rule 54.1.

**IT IS THEREFORE ORDERED** that defendant's Statement of Consultation, Request for Order Awarding Attorneys' Fees, and Memorandum in Support of Request (Doc. 46) is granted in part.

**IT IS FURTHER ORDERED** that plaintiff pay defendant $16,872.63 in attorney's fees. Defendant may submit its Bill of Costs and memorandum in support according to the procedures set forth in D. Kan. Rule 54.1.

Dated this 3rd day of August 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**